UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UTICA LEASECO, LLC,

                          Plaintiff,

-against-

SPATIUM ENTERPRISE LLC, *d/b/a Emporio Jets*, and ROBERT VIDAL,

                          Defendants.

20-CV-4933 (JGLC)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

---

JESSICA G. L. CLARKE, United States District Judge:

       On April 8, 2025, this Court granted Plaintiff Utica Leaseco, LLC's Motion for Default Judgment and referred the case to Magistrate Judge Cave for an inquest to determine the judgment to be entered. ECF No. 102. In a Report and Recommendation filed on October 15, 2025, Magistrate Judge Cave recommended that the Court award Plaintiff: "(1) Compensatory damages for breach of contract in the amount of $418,006.55; (2) A prepayment premium in the amount of $10,000.00; (3) Interest in the amount of $338,441.18; (4) Attorneys' fees in the amount of $259,642.00; and (5) Costs in the amount of $8,253.63." ECF No. 106. The deadline to file objections to the Report and Recommendation was October 30, 2025. *See* ECF Nos. 106-07. However, neither Plaintiff nor Defendants Spatium Enterprise LLC and Robert Vidal filed any objections to the Report and Recommendation.

       In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that

there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This "clearly erroneous" standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. See ECF No. 106 at 29. Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made. Accordingly, the parties have waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992).

The Court has reviewed the Report and Recommendation, unguided by objections, and finds it to be well reasoned and grounded in fact and law. Accordingly, the Report and Recommendation is ADOPTED in its entirety.

The Clerk of Court is directed to enter default judgment against Defendants, awarding Plaintiff (1) compensatory damages for breach of contract in the amount of $418,006.55; (2) a prepayment premium in the amount of $10,000.00; (3) interest in the amount of $338,441.18; (4) attorneys' fees in the amount of $259,642.00; and (5) costs in the amount of $8,253.63. The

Clerk of Court is further directed to close this case.

Dated: November 20, 2025
New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge